UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

ALYSSUM MARIAH POHL,                  )
                                      )
        Plaintiff,                    )        Civil No. 5:25-cv-00109-GFVT
                                      )
v.                                    )
                                      )        **MEMORANDUM OPINION**
FRANK BISIGNANO, *Commissioner of*    )        **&**
*Social Security*,                    )        **ORDER**
                                      )
        Defendant.                    )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiff's Motion for Attorney Fees. [R. 17.] Plaintiff's counsel seeks an award of attorney's fees under the Equal Access to Justice Act. *Id.* The Commissioner acknowledges that the Plaintiff is entitled to attorney's fees, but opposes the amount sought. [R. 19.] For the reasons that follow, the Plaintiff's Motion will be **GRANTED in part** and **DENIED in part**.

**I**

Plaintiff Pohl filed the Complaint in this action on April 7, 2025, seeking judicial review of the administrative decision denying her claim for supplemental security income. [R. 1.] On February 6, 2026, the Commissioner moved for an order remanding this case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g). [R. 14.] The Court granted this motion on February 10, 2026, and reversed and remanded the matter for further administrative proceedings. [R. 15; R. 16.] Pohl filed the instant Motion for Attorney's Fees on May 11, 2026. [R. 17.]

**II**

"The Equal Access to Justice Act (EAJA) directs a court to award 'fees and other expenses' to private parties who prevail in litigation against the United States if, among other

conditions, the position of the United States was not 'substantially justified.'" *Commissioner, INS v. Jean*, 496 U.S. 154, 155 (1990); 28 U.S.C. § 2412(d)(1)(A).  The EAJA's purpose is to incentivize challenging unreasonable government action by removing financial obstacles that would otherwise preclude such litigation.  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445-46 (6th Cir. 2009).  After determining that a party is eligible for EAJA fees, the Court looks to "the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016).  This lodestar method reflects "the number of hours billed and a reasonable hourly rate."  *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Here, Pohl's motion is timely.  Further, based on the Court's previous sentence four remand in this action, Pohl satisfies the "prevailing party" criteria and is entitled to a fee award. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  However, even where the Commissioner joins the motion, and the parties enter a stipulation agreeing on a fee award, "it is incumbent on the Court to examine the fee to be awarded for reasonableness." *Collins v. Dudek*, 2025 WL 4710799, at *1 (E.D. Ky. Mar. 3, 2025) (citing 28 U.S.C. § 2412(d)(2)(A)).  A district court determining a fee award should "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

In the instant matter, although the Commissioner acknowledges that an award of EAJA fees is appropriate in this case, the Commissioner objects to the hourly rate requested for paralegal work and further submits that the number of attorney and paralegal hours sought by Pohl are excessive and involve tasks that are not compensable under the EAJA.  [R. 19.]  Pohl has not filed a reply and the time to do so has elapsed.  *See* L.R. 7.1(c).  Thus, this motion is ripe for review.

**A**

The EAJA imposes a statutory cap of "$125 per hour" on the rate used to calculate the attorney award "unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  Where a plaintiff seeks to exceed this cap, they "bear the burden of producing appropriate evidence" to support their position. *Bryant*, 578 F.3d at 450.  This burden is satisfied where they "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In determining the prevailing rate in the community, "[t]he relevant community, although a somewhat fluid concept, has been defined as the same metropolitan area as the one in which the case was brought."  *Kalar v. Astrue*, 2012 WL 2873815, at *1 (E.D. Ky. July 13, 2012) (citing *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)).  "If a plaintiff cannot make this showing, the district court need not consider whether the cost of living may have increased since the EAJA became law.  *Lay v. Astrue*, 2012 WL 5988822, at *4 (E.D. Ky. Nov. 29, 2012); *see also Wilcox v. Astrue,* 2011 WL 6742955, at *3 (E.D. Ky. Dec. 23, 2011) ("[T]his Court has consistently required a showing that the prevailing market rate is higher than the statutory cap under EAJA not just a showing that the cost of living has increased since the EAJA was enacted").

The relevant geographic area for the instant analysis is the Lexington-Fayette metropolitan area.  Here, Pohl seeks attorney's fees at the rate of $255.90 per hour.  [R. 18 at 2.] In support of this, Pohl presents several exhibits.  First, Pohl submits labor statistics demonstrating the increase of the consumer price index for the South from March 1996 until 2025.  [R. 18-1 at 2-3.]  Next, Pohl submits the Affidavit of Joe F. Childers, dated February 22,

3

2022, in which Childers states that "[i]n federal court in the Eastern District of Kentucky, attorneys generally charge between $200 per hour and $500 per hour[,]" and typically starting at $300 hourly for "specialized expertise such as constitutional or administrative law." [R. 18-2 at 2-3.] Childers further opines that, "[t]he rate is below market for the Eastern District of Kentucky[.]" *Id.* Finally, Pohl submits the Affidavit of Jacob T. Moak, dated March 16, 2022, in which Moak provides, "[u]pon information and belief, the prevailing hourly rate in the Eastern District of Kentucky for similar work ranges from $200 per hour to $500 per hour," and specifically that, "I believe a rate of $200.00 is below the prevailing rate in the Eastern District of Kentucky for federal court work." [R. 18-3 at 2-4.]

In light of the foregoing, the Court finds that Pohl sufficiently supported her request for an upward variance from the statutory hourly cap for attorney's fees. Pohl provided Bureau of Labor Statistics data to support her rate calculation, and provided the declarations of two attorneys, unaffiliated with Plaintiff counsel's firm, who stated that the proposed rate is reasonable and in line with experienced attorneys in the relevant market. This satisfies the standard that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450. Accordingly, the Court finds that an hourly attorney rate of $255.90 is reasonable.

**B**

Next, the Court will address whether to accept or modify Plaintiff's proposed 40.4 attorney work hours. The Supreme Court cautions that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. At bottom, an award of attorney fees must be "reasonable." 28 U.S.C. § 2412(d)(2)(A). A request for fees must include "an itemized

4

statement from any attorney … representing or appearing on behalf of the party stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).

Here, Pohl's attorney claimed 40.4 hours of attorney work in this matter. [R. 18-1 at 2.] The Commissioner opposes this request and asserts that the amount of time requested is excessive or otherwise not compensable under the EAJA. [R. 19 at 4.] The Commissioner proposes that 30.2 attorney hours represents a reasonable amount of time, based on the record and issues involved in this matter. *Id.* at 8-9. In support, the Commissioner points to evidence from Plaintiff's counsel's billing record, which suggests duplication of efforts, and notes that, although the administrative record in this case was voluminous, the issues were not particularly complex. *Id.* at 5. Further, the Commissioner notes that this matter was remanded prior to a responsive brief from the Commissioner, so no time was spent reviewing the Commissioner's brief or preparing a reply brief. *Id.*

Upon review, the Court finds that Pohl has not satisfied her burden to show that 40.4 hours was reasonable amount of time to spend on representation in this matter. While the administrative record in this case was in excess of two thousand pages, the Plaintiff's Brief was only fifteen pages in length and did not discuss any novel or unduly complex legal issues that would require substantial research or writing expenditures. *See Flamboe v. Comm'r of Soc. Sec.*, 2013 WL 191546, at *2 (W.D. Mich. May 8, 2013) ("Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule."). The Plaintiff's Brief brought one main challenge to the ALJ's decision, focusing solely on the ALJ's analysis as it related to the Plaintiff's RFC. [*See* R. 8 at 8-15.] Specifically, the Plaintiff

objected to the supportability of the ALJ's finding as to the Plaintiff's RFC, which is a common argument based on well-settled law. *Id.*

The Court does not doubt that Plaintiff's counsel spent significant time preparing the brief, but some of the figures are excessive. Specifically, the total of 21.2 hours spent reviewing the record and taking notes and 5.1 hours spent drafting the procedural history and fact section of the brief, which accounted for the first seven pages of the brief appear excessive. [R. 18-5 at 2.] The issues of this case were not complex or unusual and did not require such extensive time spent reviewing and drafting. *Banks v. Dudek¸* 2025 WL 818186, at * 2 (W.D. Ky. Mar. 14, 2025) (noting that "a typical itemization of hours by attorneys in Social Security cases. . .may range from 10 to as much as 40 hours or more, on complex cases.") (collecting cases). The Court thus agrees with the Commissioner's assessment that a reduction of 10 attorney hours, for a total of 30.4 attorney hours, is reasonable.

## C

Plaintiff also claims 6.8 hours of work, at a rate of $125.00 per hour for paralegal services. [R. 18-1 at 2.] The Commissioner objects to both the paralegal rate requested, as well as the hours requested. [R. 19.] Paralegal fees are only recoverable under the EAJA "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client. *Whitaker v. Kijakazi*, 2022 WL 3449474, at *3 (E.D. Ky. Aug. 17, 2022). "In other words, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id*. (quoting *Echols v. Express Auto, Inc.*, 857 F. App'x 224, 229 (6th Cir. 2021)). The Court agrees with the Commissioner that the claimed amount includes non-compensable requests and will reduce the award accordingly.

First, the proposed paralegal rate of $125 per hour is slightly above the rate generally proscribed in the Eastern District of Kentucky. Plaintiff submitted no documentation to suggest

why this increased amount is appropriate under the circumstances. The Court has reviewed the practice of awarding paralegal fees in this District and concludes that an hourly rate of $100 for paralegal work is more appropriate. *See e.g., Whitley ex rel. S.B. v. Comm'r of Soc. Sec.*, 2026 WL 867762, at *5-6 (E.D. Ky. Mar. 30, 2026). Thus, the Court concludes that any paralegal fees awarded should be awarded at the rate of $100 per hour, pursuant to the consistent practice of this District.

Additionally, the Commissioner highlights several entries for which Pohl seeks reimbursement for entries that represent clerical or administrative tasks. [R. 19 at 7.] For example, Pohl seeks 0.6 hours of paralegal time for receiving, reviewing and processing files, 0.9 hours for reviewing and executing the fee contract with the client, 2.2 hours for downloading and bookmarking the administrative record, and 1.9 hours for preparing the EAJA filings in this case. [R. 18-4 at 1-2.] These are clerical or secretarial tasks. *See Plotecher v. Comm'r of Soc. Sec.*, 2019 WL 13213051, at *3 (W.D. Mich. Oct. 1, 2019) (finding that "preparing initial EAJA documents" is "more properly considered clerical or secretarial and is not compensable"). Accordingly, the Court will reduce the paralegal hours to 2.5 hours, but otherwise awards the paralegal hourly fee as $100 per hour.

**D**

In addition to the award of attorney fees, Plaintiff has also requested costs totaling $405.00, an amount equal to the filing fee in this matter. [R. 17.] The Commissioner does not oppose the Plaintiff's request for reimbursement of the filing fee. [R. 19 at 1.] "Under the EAJA, expenses and costs are treated differently and are paid from separate funds." *Stephens v. Berryhill*, 2018 WL 912611, at *13 (W.D. Ky. Feb. 14, 2018) (citing 28 U.S.C. § 2412(a)(1), (d)). The statute enumerates which reimbursements qualify as "costs" at 28 U.S.C. § 1920. The Court will grant Pohl's request for an award of costs in the amount of $405.00.

7

**E**

In sum, based on an hourly attorney fee rate of $255.90 and a total of 30.2 hours, and an hourly paralegal fee rate of $100.00 and a total of 2.5 hours, this sets the lodestar at $7,978.18. The Court finds that the lodestar amount is reasonable in this case. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.").

Furthermore, Plaintiff has executed an assignment purporting to assign any EAJA fees she is awarded to her attorney. [R. 18-8.] The parties agree that Pohl has assigned her right to EAJA fees to her attorney, but it is unclear whether Pohl owes any debt that is subject to a government offset under the Treasury Offset Program. *See* 31 U.S.C. § 3716(c)(3)(A). Accordingly, if, after receiving the Court's order, the Commissioner determines that the Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, the defendant may make fees payable to the Plaintiff's attorney.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion **[R. 17]** is **GRANTED in part** and **DENIED in part**;

2. Plaintiff Pohl is **AWARDED** 30.2 hours at $255.90 per hour in the amount of $7,728.18 for attorney's fees under 28 U.S.C. § 2412(d);

3. Plaintiff Pohl is **AWARDED** 2.5 hours at $100.00 per hour in the amount of $250.00 for paralegal services; and

8

4.  Plaintiff is **AWARDED** reimbursement of costs in the amount of $405.00 for the

filing fee used to initiate this civil action, to be drawn from the Judgment Fund.

This the 4th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge